# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1178

_____

William Frank Marshall,                      *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    District of South Dakota.
Don Holloway, Sheriff of                     *        [UNPUBLISHED]
Pennington County, et al.                    *
                                             *
            Appellee.                        *

_____

Submitted:  June 26, 2003

Filed: August 6, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

William Marshall appeals the district court's[1] grant of summary judgment in favor of Pennington County Sheriff Don Holloway. We affirm.

Marshall was detained at the Pennington County, South Dakota, Jail on the night of November 25, 2000. Marshall filed suit pursuant to 42 U.S.C. § 1983,

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

alleging that throughout that night and the following morning jail officials failed to afford him appropriate medical treatment for his stroke-like symptoms and thus were deliberately indifferent to his medical condition in violation of his Eighth and Fourteenth Amendment rights. See Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (citing Estelle v. Gamble, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)) ("The Supreme Court has held that prison inmates have a constitutional right, under the Eighth Amendment, to have serious medical needs addressed."). Having reviewed the record in the light most favorable to Marshall, as we must on summary judgment, we conclude that the district court did not err in ruling that Marshall was not treated with deliberate indifference to his serious medical needs. As the record shows, Marshall was monitored and then taken to the hospital when his condition worsened.

Marshall brought this action against Holloway in his official capacity as Sheriff of Pennington County; therefore, it must be treated as a suit against Pennington County. Id. at 578 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). "[I]n a § 1983 action, a municipality may only be held liable for constitutional deprivations if the deprivation is the result of a policy or custom of the municipality." Id. at 578-79. Accordingly, even if Marshall had demonstrated that a constitutional deprivation occurred, his claim against Pennington County would fail, for he has pointed to no evidence that the County had a policy or custom of deliberate indifference to an inmate's medical needs.

The judgment is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-